# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**LUIS RIVERA SIERRA,**

      **Plaintiff,**

-vs-                                                                    Case No. 6:09-cv-124-Orl-19KRS

**E. NEVILLE ISDELL, et al.,**

      **Defendants.**

_____

# ORDER

This case comes before the Court on the following:

1. Motion to Dismiss Amended Complaint by Defendants John Brock, Steven Menosky, and Maria Baeza and Memorandum of Law in Support (Doc. No. 68, filed July 15, 2009);

2. Motion to Dismiss Amended Complaint by Defendants Tomas Peña, Cynthia Solomon, Joseph McCall, Robert Hanuer, and Agustin Candelaria and Memorandum of Law in Support (Doc. No. 69, filed July 15, 2009); and

3. Motion in Opposition to "Motion to Dismiss Amended Complaint" and Ask for an Order to Continue with the Service of Process by Plaintiff Luis Rivera Sierra (Doc. No. 73, filed July 31, 2009).

*Pro se* Plaintiff Luis Rivera Sierra asserted claims against Defendants John Brock, Steven Menosky, Maria Baeza, Tomas Peña, Cynthia Solomon, Joseph McCall, Robert Hanuer, and Agustin Candelaria (collectively, "Defendants") in this employment discrimination action against his former employer. (Doc. No. 44, filed May 20, 2009.) Defendants move to dismiss under Federal Rules of

Civil Procedure 4(m), 12(b)(4), and 12(b)(5) on the basis of insufficient process and service of process. (Doc. Nos. 68, 69.) Sierra opposes the Motions. (Doc. No. 73.)

On March 20, 2009, the clerk filed a process receipt and return in the docket indicating that Sierra directed the U.S. Marshals Service to deliver what appears to have been a wavier of service form to Defendant John F. Brock. (Doc. No. 15, filed Mar. 20, 2009.) The notes on the process receipt form state that the Marshals were unable to deliver the form via personal delivery or certified mail because the address Sierra provided was a post office box. (*Id.*) On April 2, 2009, process receipt forms were filed in the docket indicating that some document was sent via certified mail to Defendants Peña, Solomon, McCall, Hanauer, and Candelaria. (Doc. Nos. 20-24.) Defendants Peña, Solomon, McCall, Hanauer, and Candelaria attest that they received waiver of service forms pursuant to Federal Rule of Civil Procedure 4(d). (Doc. No. 69-3 ¶ 2; Doc. No. 69-4 ¶ 2; Doc. No. 69-5 ¶ 2; Doc. No. 69-6 ¶ 2; Doc. No. 69-7 ¶ 2.) However, they did not elect to waive service. (Doc. No. 69-3 ¶ 4; Doc. No. 69-4 ¶ 4; Doc. No. 69-5 ¶ 4; Doc. No. 69-6 ¶ 4; Doc. No. 69-7 ¶ 4.) Sierra did not serve them with service of process, nor has he served Defendants Menosky and Baeza. The 120 day period for service expired on May 18, 2009. Fed. R. Civ. P. 4(m).

Federal Rule of Procedure 4(m) provides that:

If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the Plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The decision to extend the period for service is left to the discretion of the district court. *Horenkamp v. Van Winkle & Co., Inc.*, 402 F.3d 1129, 1133 (11th Cir. 2005).

In Response to the Motions, Sierra states the following: "Early in April of 2009, the court granted the Amended Complaint and **stops the proceedings regarding to Service Process for all defendants**." (Doc. No. 73 at 1 (emphasis in original; punctuation, grammar left as in original).) In addition, Sierra appears to argue that the docket entries labeled "proof of service," (Doc. Nos. 20-24), are judicial determinations that service was effective. In the event that the Court deems service was ineffective, Sierra asks for an extension of time to serve these Defendants. (*Id.* at 2.) However, Sierra does not give any explanation for his failure to effect timely and proper service.

Sierra is incorrect that the filing of an amended complaint obviates the need to serve all defendants according to Federal Rule of Civil Procedure 4. Nothing in the Federal Rules of Civil Procedure supports such an argument. Further, the term "proof of service," chosen by Court staff to describe on the docket sheet particular documents filed with the Court, is not an adjudication that service complied with all of the applicable procedural rules.

Although Sierra requests additional time to serve Defendants, he fails to offer any justification for his failure to effect timely and proper service. Courts are instructed to deal leniently with *pro se* parties, but they are not given a license to speculate whether good cause excuses a party's failure to comply with the rules of procedure. Nor is leniency a reason to ignore a defendant's right to be served in a sufficient and timely manner. Because Sierra has failed to effect sufficient service within 120 days, and no good cause exists on the face of the record for the delay, Defendants must be dismissed without prejudice from this action. Fed. R. Civ. P. 4(m).[1]

---

[1] In certain circumstances, a court may extend the period for service even absent the showing of good cause. *Horenkamp*, 402 F.3d at 1133. One such circumstance is when "the applicable statute of limitations would bar the refiled action . . . ." *Id.* (quoting Fed. R. Civ. P. 4(m), Advisory Committee Notes, 1993 Amendments). Sierra does not contend that his claims will be
(continued...)

The Motion to Dismiss Amended Complaint by Defendants John Brock, Steven Menosky, and Maria Baeza and Memorandum of Law in Support (Doc. No. 68, filed July 15, 2009) and the Motion to Dismiss Amended Complaint by Defendants Tomas Peña, Cynthia Solomon, Joseph McCall, Robert Hanuer, and Agustin Candelaria and Memorandum of Law in Support (Doc. No. 69, filed July 15, 2009) are **GRANTED**. Plaintiff's claims against Defendants Steven Menosky, Maria Baeza, Tomas Peña, Cynthia Solomon, Joseph McCall, Robert Hanuer, and Agustin Candelaria are **DISMISSED without prejudice** under Federal Rules of Civil Procedure 4(m) and 12(b)(5) for insufficient service of process.[2] The clerk shall terminate these parties from this action.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on August 12, 2009.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

---

[1](...continued)
barred by the statute of limitations if dismissed without prejudice. Further, Sierra's claims are not pled with enough clarity to allow the Court to *sua sponte* determine whether dismissal without prejudice poses a potential statute-of-limitations problem. (*See* Doc. No. 72 (describing the difficulties of interpreting the Amended Complaint).) Sierra appears to bring claims against these Defendants under Title VII and the ADEA, but neither cause of action supports a claim against a non-employer. (*Id.* at 11 n.10.) To the extent the Court otherwise has discretion to extend the time for service, it declines to do so.

[2] Defendant John Brock has already been dismissed from this case. (Doc. No. 75.)

Copies furnished to:

Counsel of Record
Unrepresented Party